JAMES LEWIS,

                Plaintiff,

v.                                           Case No. 23-cv-1210-pp

CO DENICE DOYING, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND NAMED DEFENDANTS (DKT. NO. 13), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 27), DENYING AS MOOT PLAINTIFF'S MOTION TO ORDER INSTITUTION TO RELEASE LEGAL DOCUMENTS (DKT. NO. 27), DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION (DKT. NO. 30), GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT (DKT. NO. 41) AND GRANTING DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT ON THE MERITS PENDING COURT DECISION ON EXHAUSTION (DKT. NO. 47)**

        Plaintiff James Lewis, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed this case alleging that the defendants violated his civil rights. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on the following claims: (1) an equal protection claim against defendant Allison Briggs based on allegations that she discriminated against him by enforcing the prison's mask policy against him and other Black incarcerated individuals but not against white incarcerated individuals; (2) equal protection claims against defendants Cory Sabish, Christopher Osgood and Denice Doying for allegedly giving the plaintiff a conduct report and/or finding him guilty of disobeying orders for not properly wearing his mask, but failing to enforce the policy against white incarcerated

1

individuals who did not properly wear their masks; (3) a retaliation claim against defendants Briggs and Sabish based on allegations that they issued the plaintiff a conduct report in retaliation for his complaint against Briggs and statements in the complaint that he had previously complained to Sabish about Briggs's discriminatory conduct; (4) a retaliation claim against Sabish for allegedly having the plaintiff fired from his job based on his complaints against Briggs and Sabish; and (5) a Wisconsin state law claim for defamation of character against Sabish. Dkt. No. 7 at 9-10. This order addresses several pending motions.[1]

## I. Plaintiff's Motion to Amend Named Defendants, Dkt. No. 13, Motion for Extension of Time/Motion for Institution to Release Legal Documents, Dkt. No. 27, and Motion to Supplement, Dkt. No. 41

### A. Motions and Requests Related to Defendant Briggs

On April 26, 2024, the defendants filed a Statement Noting Death of Defendant Allison Briggs under Federal Rule of Civil Procedure 25(a) in which they said that Briggs died on April 8, 2024. Dkt. No. 11. About two weeks later, the plaintiff filed a Motion to Amend Named Defendants in which he seeks to substitute the Estate of Allison Briggs for defendant Briggs. Dkt. No. 13.

On May 22, 2024, the defendants filed a response to the plaintiff's motion in which they said that they would like to proceed without disturbing or involving Briggs's family or heirs, "on terms that would ensure that any money judgment against Briggs would be paid to Plaintiff." Dkt. No. 14 at 1. The

---

[1] The defendants have filed a motion for partial summary judgment on exhaustion grounds. Dkt. No. 33. The court will address that motion in a separate order.

2

defendants said that the Wisconsin Department of Justice was working with the plaintiff to execute an agreement that would alleviate the need to amend the complaint and render moot the plaintiff's motion to amend. Id. The defendants explained that under the proposed agreement, the Wisconsin DOJ "[would] defend Allison Briggs in this case and will pay any judgment or any other monetary relief awarded against Defendant Briggs in this case in the event any such relief is granted[]" and "the complaint would not be amended to include the estate of Allison Briggs." Id. at 2. The defendants asked the court to stay the plaintiff's motion until the parties had adequate time to meet and confer. Id.

The court granted the defendants' motion to stay and ordered that by June 14, 2024, the defendants must file a report updating the court regarding the status of their proposed agreement. Dkt. No. 15.

On May 31, 2024, the plaintiff filed a reply in support of his motion to amend in which he said that if he and the Wisconsin DOJ reach an agreeable settlement, the case will be dismissed and his motion will be moot. Dkt. No. 16. The plaintiff also said that if the parties are not able to reach a settlement and the case continues to trial and he prevails, a jury would be asked to assess damages as to each of the defendants separately. Id. He asks the court to issue a scheduling order and "to set up mediation." Id.

On June 12, 2024, the defendants filed a Status Report on Stipulation Regarding Allison Briggs in Response to Court Order. Dkt. No. 18. The defendants state that on May 28, 2024, counsel spoke with the plaintiff by

3

telephone and the "parties agreed to a stipulation wherein the complaint will not be amended, the [Wisconsin] Department of Justice (DOJ) will continue to represent Allison Briggs in this matter, and the DOJ will guarantee payment to Plaintiff Lewis of any award he receives against Allison Briggs." Id. at 1. The defendants filed the proposed stipulation (Dkt. No. 19) with their status report and said that it was mailed to the plaintiff on May 29, 2024 and that counsel was awaiting a response. Dkt. No. 18 at 2.

Based on the defendants' status report, the court ordered that the defendants should notify the court when they received the signed stipulation and that the court would address the plaintiff's motion to amend at that time. Dkt. No. 21. The court also ordered that if the defendants did not receive the signed stipulation by July 1, 2024, they should file another report, updating the court as to the status of the stipulation and their proposed next steps.[2] Id.

On July 1, 2024, the defendants filed a Status Report on Stipulation Regarding Allison Briggs in Response to Court's Order and Defendants' Motion Opposing Plaintiff's Motion for Leave to Amend Complaint. Dkt. No. 23. The defendants state that after the plaintiff verbally agreed to sign the stipulation on May 28, 2024, he changed his mind and wrote counsel a letter stating that if the state wanted to keep the family of Allison Briggs out of the lawsuit, the state would need to pay the plaintiff. Id. at 2. The defendants state that on

---

[2] On the same day, the court issued a scheduling order, setting deadlines for the defendants to file a motion for summary judgment on exhaustion grounds and for the parties to complete discovery and file motions for summary judgment on the merits. Dkt. No. 22.

4

June 17, 2024, counsel wrote the plaintiff a letter explaining that the state is not interested in discussing settlement at this time, and that the purpose of the stipulation agreement is merely to avoid unnecessarily amending the complaint and involving the family of deceased defendant Allison Briggs where the state has guaranteed payment to the plaintiff of any award against Allison Briggs. Id. The defendants state that during a second phone call with the plaintiff on June 24, 2024, the plaintiff expressed his anger against injustices committed against him by staff at Kettle Moraine and said that because they don't care about him or his family, he doesn't care about the family of Allison Briggs and that he would not sign the stipulation unless he was paid to do so. Id.

The defendants state that they oppose the plaintiff's motion to amend to substitute the Estate of Allison Briggs because (1) the motion is being pursued for an improper purpose under Federal Rule of Civil Procedure 11; (2) the motion is unwarranted because the state has indemnified the deceased defendant and will guarantee payment of any award the plaintiff wins against the deceased defendant; and (3) granting the motion will unnecessarily complicate and may cause delays in the present litigation. Id. at 3. The defendants state that they object to the plaintiff's motion to amend as frivolous and serving no purpose other than to harass the family of Allison Briggs and needlessly increase the cost of litigation, which are improper purposes under Rule 11(b)(1). Id. According to the defendants, amendment of the complaint is not warranted under Rule 15(a)(2). Id. at 3-4. The defendants also contend that the court has discretion under Rule 25(a)(1) regarding whether to substitute

5

parties after the death of a party and the court should not do so. Id. at 4-5. The defendants state that the family of Allison Briggs has no interest in this litigation; the party with authority to act on behalf of Briggs is the Wisconsin DOJ, which has indemnified Briggs and will guarantee payment to the plaintiff of any award he may receive against the deceased defendant. Id. at 5. They state that the unnecessary involvement of the Estate of Allison Briggs will necessitate coordination with probate of the estate and may delay the present litigation and, thus, the purposes of substitution are satisfied. Id.

On July 15, 2024, the plaintiff filed a response to the defendants' second status report and motion opposing plaintiff's motion to amend. Dkt. No. 25. The plaintiff states that the defendants mischaracterize his telephone conversations with counsel. Id. at 2. He asserts that he refused to sign the stipulation because he thought counsel was "threatening and intimidating" him and he notified her of that in a letter dated June 4, 2024. Id. at 2. The plaintiff also states that his offer to settle the case against defendant Briggs for a "paltry" $4,350 was not made in bad faith but was a good offer considering that the defendants' answer "made almost a total admission to the Complaint." Id. at 2-3. The plaintiff asserts that the defendants have grossly mischaracterized the conversation that took place on June 24, 2024. Id. at 4-7. In addition, the plaintiff opposes the defendants' motion opposing his motion for leave to amend. Id. at 7-12.[3]

---

[3] On July 18, 2024, the court received the plaintiff's motion for extension of time to respond to the defendants' status report and motion to order Kettle Moraine Correctional Institution to immediately release legal documents. Dkt.

On July 24, 2024, the defendants filed Defense Counsel's Reply to Plaintiff's Response to Status Report and Motion for Civility. Dkt. No. 28. In this motion, the defendants reiterate that the plaintiff was disrespectful on a phone call with counsel, and they state that if this behavior continues, communication between the parties will be restricted to written communication. Id. at 1. The plaintiff filed a response in which he disagrees that he was disrespectful, acknowledges that the parties disagree about the phone conversation and states that he believes the parties will always be at odds regarding their phone conversation. Dkt. No. 29 at 1.

On September 9, 2024, the plaintiff filed a Motion to Supplement Defendant Allison Briggs with the Estate of Allison Briggs—Based on New Facts. Dkt. No. 41. The plaintiff describes being unable to obtain discovery regarding Briggs because she is deceased. Id. at 2-5. The plaintiff also states that the Estate of Briggs has been named as a defendant in another incarcerated individual's lawsuit, Eastern District of Wisconsin Case No. 23-cv-1679. Id. at 5-6. The lawsuit the plaintiff references currently is pending in this court and Briggs is named as a defendant. Earl v. Briggs, Case No. 23-cv-1679. As of November 25, 2024, a representative has not been identified for Briggs.

---

No. 27. The plaintiff states that prison staff took from his cell his response to the defendants' status report and motion in opposition to his motion to amend and did not mail it to the court. Id. at 1-2. However, the plaintiff's response referenced in the preceding paragraphs is his response to the defendants' status report and motion in opposition to the plaintiff's motion to amend. Because it appears that the court has received the documents referenced in the plaintiff's motions, it will deny as moot the plaintiff's motion for extension of time and motion to order Kettle Moraine to release legal documents.

7

B.  Discussion

Federal Rule of Civil Procedure 25(a) gives a court authority to substitute a proper party where a claim survives the death of a defendant. See Walsh v. City of Chicago, 712 F. Supp. 1303, 1306 (N.D. Ill. 1989) (substitution of deceased defendant with decedent's representative may be appropriate in §1983 action). The Wisconsin Supreme Court has confirmed that under Wisconsin's survival statute, personal injury actions survive death. Bartholomew v. Wis. Patients Comp. Fund & Compcare Health Servs. Ins. Corp., 717 N.W.2d 216, 227 n.36 (Wis. 2006) (citing Wis. Stat. §895.01). Actions brought under §1983 "are best characterized as personal injury actions." Owens v. Okure, 488 U.S. 235, 240 (1989) (internal quotations and citations omitted).

Defense counsel says Briggs passed away on April 8, 2024, several months after the plaintiff filed his complaint. An online obituary confirms Briggs' date of death. That is important because defendants who pass away before a lawsuit begins were never defendants and cannot be substituted. See Macklin v. Serrano, Case No. 19-CV-583, 2020 WL 6323079, at *2 (E.D. Wis. Oct. 28, 2020) (citing Schlumpberger v. Osborne, Case No. 16-cv-78, 2019 WL 927322, at *3 (D. Minn. Feb. 26, 2019); and Laney v. S.C. Dept. of Corrections, Case No. 11-cv-3487, 2012 WL 4069680 (D.S.C. May 8, 2012)). Because Briggs died after the plaintiff brought his lawsuit, he may substitute another person against whom his claims may proceed.

"[T]he proper party for substitution is the person who has the legal right and authority to defend against the claims brought against the deceased party." Bertam Music Co. v. P & C Enter., Inc., Case No. 09-CV-2253, 2011 WL 2633666, at *6 (C.D. Ill. July 5, 2011) (citations omitted). Under Rule 25(a), "the proper party usually will be the representative of the decedent's estate who has been appointed under state law." Id. Rule 25(a)(1) "also uses the word 'successor,' which indicates that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator." Id. (citing 6 James Moore, et al., Moore's Federal Practice §25.12[3]); see Hicks v. Young, Case No. 10-C-3874, 2012 WL 1755735 at *1–2 (N.D. Ill. May 15, 2021).

The defendants oppose the plaintiff's motion to amend primarily because the parties orally agreed to allow the case to proceed against Briggs with the Wisconsin DOJ defending Briggs. The defendants contend that the plaintiff acted in bad faith because he initially agreed to sign the stipulation but then changed his mind unless the defendants paid him to sign it. However, it appears that the parties had different understandings about the proposed stipulation: the plaintiff thought the case would be settled against Briggs and the defendant thought the case would proceed against Briggs with the Wisconsin DOJ representing Briggs. Instead of either party acting in bad faith, it appears that the disagreement surrounding Briggs has resulted from misunderstanding and miscommunication between the parties. The court will not enforce the proposed stipulation regarding Briggs because it has not been

9

agreed to and signed by both parties. After the defendants filed the suggestion of death regarding Briggs, the plaintiff timely requested that a proper party be named in placed of Briggs by filing his motion to amend named defendant. The court will grant the plaintiff's motion to amend named defendant under Rule 25(a).[4]

The court will give the plaintiff additional time to identify the representative for the Estate of Allison Briggs. The plaintiff may request this information from the defendants and when he receives it, he must notify the court.[5] If the plaintiff does not identify the representative or show cause for his failure to do so by the deadline at the end of this order, the court will dismiss defendant Briggs.

## II.    Plaintiff's Motion for Emergency Injunction, Dkt No. 30

On August 12, 2024, the plaintiff filed a motion for emergency injunction against defendant Sabish "and any other involved parties" to end the practice of treating incarcerated individuals on temporary lock-up (TLU) at Kettle Moraine in a punitive fashion equivalent to those who are on disciplinary segregation. Dkt. No. 30 at 1. He also asks that Sabish be removed from his

---

[4] The defendants contend that the plaintiff should not be allowed to amend his complaint under Rule 15(a). However, the plaintiff did not seek to amend the complaint. He sought to "amend the named defendants"—in other words, he sought to substitute the proper party for the deceased defendant under Rule 25(a).

[5] The court advises the parties that, although not entirely clear, it appears from Wisconsin online public court records that Attorney David A. Van de Water has been named as personal representative for the Estate of Allison Briggs. See wcca.wicourts.gov.

position as supervisor of the segregation unit pending the outcome of an investigation into his actions. Id. The plaintiff describes an incident that took place earlier this year in which he had to go to TLU, and he says he learned via discovery in this case that TLU is "non-punitive" but that the conditions there are the same as the conditions in disciplinary segregation. Id. at 1-4.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Fahenm-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). To obtain a preliminary injunction, the plaintiff has the burden of establishing that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health, 699 F.3d 962, 972 (7th Cir. 2012), citing Am. Civil Liberties Union of Ill. v. Alvarez, 679 F.3d 583, 589-90 (7th Cir. 2012).

Because the first element requires the party seeking injunctive relief to show some likelihood of success on the merits of the claims in his lawsuit, a preliminary injunction is not appropriate when "it deals with a matter lying wholly outside the issues in the suit." Prucha v. Watson, Case No. 20-cv-00199, 2021 WL 11086448, at *2 (S.D. Ind. Dec. 15, 2021) (quoting DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). "[A] party moving for

11

a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)). See also, Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (quoting Devose).

The plaintiff's allegations do not involve his underlying claims in this case and, therefore, the court cannot order injunctive relief. The court will deny the plaintiff's motion for injunction.

### III. Defendants' Motion to Stay Summary Judgment on the Merits, Dkt. No. 47

The defendants have asked the court to stay the deadline for the parties to file motions for summary judgment on the merits until the court decides their motion for partial summary judgment on exhaustion grounds. Dkt. No. 47. The court will grant the defendants' motion and stay the case deadlines. The court will set new deadlines for the parties to complete discovery and file motions for summary judgment on the merits after it decides the defendants' motion for summary judgment on exhaustion grounds. The court will address the defendants' motion for summary judgment on exhaustion grounds in a separate order.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion to amend named defendants. Dkt. No. 13.

The court **ORDERS** that the plaintiff must identify the representative for the deceased defendant, Allison Briggs, by the end of the day on **January 17, 2025**. If the plaintiff does not identify the representative for Briggs or show cause for his failure to do so by the January 17, 2025 deadline, the court will dismiss defendant Briggs.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time and motion to order institution to release legal documents. Dkt. No. 27.

The court **DENIES** the plaintiff's motion for emergency injunction. Dkt. No. 30.

The court **GRANTS** the plaintiff's motion to supplement. Dkt. No. 41.

The court **GRANTS** the defendants' motion to stay summary judgment on the merits pending court decision on exhaustion. Dkt. No. 47. The court **STAYS** the deadlines for the parties to complete discovery and file motions for summary judgment on the merits. The court will set new deadlines after it resolves the defendants' partial motion for summary judgment on exhaustion grounds.

Dated in Milwaukee, Wisconsin this 4th day of December, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**